█ WILLIAM J. O'NEIL, Respondent, v. DANIEL FOLEY et al., Constituting the Members, Officers, Commissioners and Trustees of the STAR LAKE FIRE DEPARTMENT, et al., Defendants, and RODERICK FRASER et al., Constituting the Commissioners of the STAR LAKE FIRE DISTRICT, Appellants.— Appeal by defendants from an order of the Supreme Court entered in St. Lawrence County, denying a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. A motion addressed to this same complaint by another defendant was denied and an appeal from the order of denial decided at this term (6 A D 2d 739). The action sounds in tort and is brought against some 53 defendants. The motion to dismiss was based upon the failure of the complaint to allege the service of a notice of claim pursuant to section 50-e of the General Municipal Law in an action against "a public corporation". Appellants urge that a "fire district" is a public corporation. However, neither the fire district nor its officers, as such, are parties defendant. The complaint specifically alleges that the defendants "constituted the members, officers, commissioners and trustees of the Star Lake Fire Department, which was, and still is, an unincorporated association". Thus, section 50-e has no application at all. Upon an appeal from an order addressed to a pleading we must take the pleading as we find it. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.

█ WILLIAM J. O'NEIL, Respondent, v. DANIEL FOLEY et al., Constituting the Members, Officers, Commissioners and Trustees of the STAR LAKE FIRE DEPARTMENT, et al., Defendants, and WALLACE MCCABE, Appellant.— Appeal from an order of the Supreme Court, Special Term, St. Lawrence County, which denied the motion of defendant McCabe to dismiss, as to him, the complaint in a negligence action, as insufficient on its face. A motion addressed to this same complaint by other defendants was denied and an appeal from the order of denial decided at this term. (6 A D 2d 739.) Plaintiff seeks to recover for personal injuries sustained while attending a firemen's field day, when he fell into a hole which had been excavated in the dirt floor of an airport hangar to accommodate a counterweight attached to the overhead door of the hangar. The complaint alleges that the hole was dug by defendant-appellant and others prior to the field day; that he knew it was in existence and was unsafe, a nuisance and a trap when he and others leased the premises to the members and officials of a fire department for the purposes of the field day; and that he was in occupation and possession of the premises at all the times mentioned in the complaint, which included the time of plaintiff's accident. Appellant characterizes as inconsistent with these averments, certain other allegations upon which are predicated plaintiff's charges of negligence against the members and officers of the fire department and urges that these latter allegations infer that appellant had surrendered dominion and control of the premises to the firemen and on that account is entitled to a dismissal. We find no basis for the inference asserted. Appellant's continued occupation and possession are specifically alleged. Even if appellant's theory of the pleading were sound, however, appellant would still be liable, if there existed, when he rented the premises for public use, a dangerous condition known to him or discoverable upon reasonable

inspection. (*Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404). Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.